**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ERIKA KABACK,**

**Plaintiff,** :

**v.**

**QUANTUM HEALTH INC., *et al.*,** :

**Defendants.**

**Case No. 2:25-cv-1454**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

Erika Kaback worked as a Precert Nurse Quality Coach for Quantum Health Inc. for more than six years. After contracting pneumonia, she requested FMLA leave, but Quantum Health allegedly subjected her to a cumbersome process for requesting leave and ultimately denied her request. When she did not return to work following the denial, Quantum Health terminated her.

Based on her termination and the denial of her FMLA leave request, she sued Quantum Health and the individuals involved in responding to that request, asserting claims under the FMLA, the ADA, and Ohio law. Defendants move to dismiss her claims. (Mot., ECF No. 9.) Alternatively, they ask the Court to order Ms. Kaback to reply to the proposed Answer accompanying their Motion to Dismiss. (*Id.*) That Motion is fully briefed and, for the reasons below, is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

All well-pleaded factual allegations in the Complaint are accepted as true for the purposes of the pending motion. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

Ms. Kaback began working for Quantum Health in May 2017. (Compl., ECF No. 4, ¶ 13.) In late November 2024, Ms. Kaback developed "pneumonia with complications." (*Id.* ¶ 17.) Although she had not yet been diagnosed, she informed her direct supervisor, Carley Ahmed, about her condition on December 3. (*Id.* ¶¶ 21–22.)

After receiving an official diagnosis on December 12, she submitted requests for Short-Term Disability benefits and FMLA leave. (*Id.* ¶¶ 25, 28.) Quantum Health initially failed to update her about her requests, delayed sending her paperwork, and required her provider to submit information about her condition within four business days. (*Id.* ¶¶ 31, 34–35.) On January 6, Ms. Ahmed informed Ms. Kaback that she needed to undergo further testing and submit FMLA paperwork within two days. (*Id.* ¶ 33.)

Ten days later (and more than a month after she submitted her request), Quantum Health denied her request for FMLA leave. (*Id.* ¶ 36.) The next day, Sydney Fesler (who works in Quantum Health's FMLA department) informed Ms. Kaback about the denial and said that she must return to work "immediately." (*Id.* ¶¶ 29, 37.) Ms. Ahmed also "threatened" Ms. Kaback that "each absence would count against her" if she did not return to work. (*Id.* ¶¶ 37–38.) Ms. Kaback told Ms.

Ahmed that she could not work and remained under her provider's care[.]" (*Id.* ¶ 39.)

The following week, Human Resources Business Partner Evan Parris told Ms. Kaback that her "failure to return to work" would be "viewed as a voluntary resignation." (*Id.* ¶¶ 41–42.) In response, Ms. Kaback emailed Mr. Parris "screenshots of all of her prior communications" with Quantum Health and stated that she did not intend to resign. (*Id.* ¶¶ 44–45.) Defendants did not respond to Ms. Kaback's email. (*Id.* ¶ 46.) Two days later, Quantum Health terminated her. (*Id.* ¶ 47.)

Ms. Kaback then initiated this action against Quantum Health, Ms. Fesler, Mr. Parris, and Ms. Ahmed, asserting five claims:

- <u>Count I:</u> Disability Discrimination (Title I of the Americans with Disabilities Act) against Quantum Health
- <u>Count II:</u> Disability Discrimination (Ohio Rev. Code § 4112.02) against Quantum Health
- <u>Count III:</u> FMLA Retaliation (29 U.S.C. § 2615(a)) against Quantum Health
- <u>Count IV:</u> FMLA Interference (29 U.S.C. §§ 2601 *et seq.*) against Quantum Health
- <u>Count V:</u> Unlawful Aiding, Abetting, and Inciting Discrimination (Ohio Rev. Code § 4112.02(J)) against Ms. Fesler, Mr. Parris, and Ms. Ahmed

Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). To the extent her FMLA claims survive dismissal, they ask the Court to order Ms. Kaback to reply to certain paragraphs in their proposed Answer under Rule 7(a)(7).

## II. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### B. Matters Outside the Pleadings

As a threshold matter, the parties dispute whether, in ruling on Defendants' 12(b)(6) Motion, the Court may consider two exhibits attached to that Motion.

The factual sufficiency of a complaint must ordinarily be assessed without resort to matters outside the pleadings. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). If a court considers materials outside the pleadings, it must treat the motion as one for summary judgment under Rule 56 and allow parties the reasonable opportunity to present material pertinent to the motion. Fed. R. Civ. P. 12(d). However, a court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt*, 835 F.3d at 640 (citation omitted).

Included with Defendants' Motion are two emails from Ms. Fesler to Ms. Kaback. The first, sent on December 24, pertains to Ms. Kaback's initial request for FMLA leave. (ECF No. 9-2.) The second, from January 16, relates to the denial of that request. (ECF No. 9-3.) According to Defendants, the Court may consider these emails in ruling on their Motion because her communications with Ms. Fesler are necessary to substantiate her FMLA claims and the Complaint references Ms. Kaback's "prior communications" in Paragraphs 31, 35, 36, and 44. (Reply, PAGEID # 154.)

Considering Defendants' exhibits in evaluating the sufficiency of the Complaint faces two hurdles. First, Defendants did not explain why the Court could

consider these communications as part of the pleadings until their Reply; thus, they forfeited any arguments in support of treating them as part of the pleadings. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("An argument raised for the first time in a reply brief will not be considered by this Court.") (citation omitted). But the greater – and insurmountable – hurdle is that the Complaint does not reference *these* communications.

The Paragraphs that Defendants cite as referring to Ms. Kaback's relevant "prior communications" are as follows:

- In or about December 2024, Quantum Health failed to provide updates about her request. (Compl. ¶ 31.)
- Quantum Health only gave the provider 3–4 business days to respond to the FMLA Request. (*Id.* ¶ 35.)
- On or about January 16, 2025, Quantum Health denied Kaback's FMLA Request. (*Id.* ¶ 36.)
- On or about January 22, 2025, Kaback emailed Parris stating she had communicated with Quantum Health, and the email had screenshots of all her prior communications attached to it. (*Id.* ¶ 44.)

Regarding Defendants' first exhibit, none of these allegations references an email from Ms. Fesler on December 24. Quite the opposite, Ms. Kaback alleges that she received no updates from Defendants in December. (*Id.* ¶ 31.) It is a closer call whether the Complaint references Ms. Felser's January 16 email because the Complaint alleges that Ms. Fesler informed Ms. Kaback of the denial on January 17. (*Id.* ¶¶ 36–37.) Even so, the Complaint identifies several other communications between Ms. Kaback and Defendants that are not before the Court. Courts need not consider evidence on a 12(b)(6) motion that "'captures only part of the incident and

would provide a distorted view of the events at issue[.]'" *Hodges*, 139 F.4th 495, 510–11 (6th Cir. 2025) (citation omitted).

Defendants' emails attempt to rebut the factual allegations in the Complaint and supplement it with others. The inquiry on a motion to dismiss is a "purely legal question of whether the facts alleged, taken in the light most favorable to the plaintiff, state a claim for relief." *Hodges*, 139 F.4th at 506. At "the motion-to-dismiss stage, … the factual allegations in the complaint are not in dispute—the legal sufficiency of the complaint is." *Id*. at 511. Evaluating these communications against and in addition to the allegations in the Complaint would require the Court to resolve disputed factual issues on a limited record in Defendants' favor. To do so would contravene the Court's obligation to accept as true all factual allegations in the Complaint and make all reasonable inferences in Ms. Kaback's favor.

The Court will not consider Defendants' attached exhibits in assessing the sufficiency of the Complaint.

**C. Analysis**

**1. Disability Discrimination (Counts I and II)**

The Americans with Disabilities Act makes it unlawful for an employer to discharge an employee because the employee is disabled, because the employee has a record of being disabled, or because the employer regards the employee as disabled. 42 U.S.C. §§ 12102(a), 12112(a). Likewise, under Ohio's comparable statute, an employer may not, because of an employee's disability, discharge her without just cause. Ohio Rev. Code § 4112.02(A). Because disability discrimination

claims under Ohio law are analogous to the ADA, the Court analyzes them together. *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012).

To establish a prima facie disability discrimination claim, a plaintiff must show that (1) she is disabled, or her employer regarded her as disabled; (2) she was "otherwise qualified" to perform her job; and (3) her employer took an adverse action against her because of her disability or perceived disability. *See Spees v. James Marine, Inc.*, 617 F.3d 380, 395 (6th Cir. 2010). The prima facie case is an evidentiary standard, not a pleading requirement. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citation omitted). On a Rule 12(b)(6) motion, courts need only consider whether the complaint "provides sufficient factual content to present plausible claims under the relevant statutes." *Esparza v. Pierre Foods*, 923 F. Supp. 2d 1099, 1105 (S.D. Ohio 2013) (citations omitted) (Weber, J.). Detailed factual allegations are not required, but the complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the defendant terminated the plaintiff because of her disability or because it regarded her as disabled. *See Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678); *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 493–94 (6th Cir. 2017).

Ms. Kaback's claim includes allegations of both actual and "regarded as" disability discrimination. (Compl., ¶¶ 56–77.) She does not plausibly state a claim under either theory.

**a) Ms. Kaback fails to plausibly allege an ADA-qualifying disability.**

Although pleading a disability is not “an onerous burden,” it is an “appropriate threshold issue” in evaluating a disability discrimination claim on a Rule 12(b)(6) motion. *See Darby v. Childvine, Inc.*, 964 F.3d 440, 445 (6th Cir. 2020) (citation omitted). The ADA and its supporting regulations define a disability as a “physical or mental impairment” that “substantially limits” one or more “major life activities.” *Id.* (citing 42 U.S.C. § 12102(1)(A)). The ADA must be construed broadly in favor of coverage. *Id.* (citing 42 U.S.C. § 12102(4)(A)). That said, not every impairment amounts to a disability under the statute. 29 C.F.R. § 1630.2(j)(1)(ii); *see also Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 394 (6th Cir. 2019) (having a work restriction does not mean an employee is disabled). Accordingly, a plaintiff must plausibly allege that her impairment substantially limited a major life activity to survive a motion to dismiss. *Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 789 (S.D. Ohio 2020) (Cole, J.).

Ms. Kaback failed to plead facts supporting an inference that her pneumonia substantially limited a major life activity. The Complaint states only that she “developed pneumonia with complications” (Compl. ¶ 17) and that her pneumonia “significantly limited” her ability to work (*id.* ¶ 19). True, working is a major life activity under the ADA. 42 U.S.C. § 12102(2)(A). But an allegation that the plaintiff is “substantially limited” by one of the statute’s enumerated “major life activities” is a legal conclusion that is not entitled to the presumption of truth. The Complaint includes no further factual enhancement to make such conclusion plausible. Ms.

Kaback does not allege *how* her pneumonia limited her ability to work, nor does she provide any allegations about her symptoms, their severity, or their duration.

The extent of Ms. Kaback's limitation is relevant because an impairment is only a disability "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." *See* 29 C.F.R. § 1630.2(j)(ii). Of course, many people who contract pneumonia or any other acute illness are unable to work for some period of time. Without facts as to how Ms. Kaback's pneumonia substantially limited her ability to work "as compared to most people in the general population," the Court is left to speculate that an otherwise ordinary illness constitutes a disability. *Cf. Southall v. Ford Motor Co.*, 645 F. Supp. 3d 826, 834 (S.D. Ohio 2022) ("[M]erely alleging a COVID diagnosis, without more facts which make plausible that the disease substantially limited one or more of the employee's major life activities, is not enough to survive a motion to dismiss.") (Cole, J.).

Ms. Kaback failed to plausibly allege an ADA qualifying disability.

**b) Ms. Kaback fails to allege that Defendants regarded her as disabled.**

To state a claim for discrimination based on a perceived disability, a plaintiff must allege that the defendant regarded her as disabled. *Krueger*, 674 F. App'x at 494 (citation omitted). A plaintiff pursuing a "regarded as" claim must establish that she has been subjected to an adverse employment action because of an actual or perceived physical or mental impairment regardless of whether the impairment limits or is perceived to limit a major life activity. *Babb v. Marysville*

*Anesthesiologists P.C.*, 942 F.3d 308, 318–19 (6th Cir. 2019) (citing 42 U.S.C. § 12102(3)(A)). A "regarded as" claim does "not apply to impairments that are transitory and minor," including those with "an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B).

Ms. Kaback alleges in a conclusory fashion that "Defendants terminated [her] because of her perceived disability." (Compl. ¶ 48.) The Complaint's factual allegations belie this conclusion. Ms. Kaback alleges that, after she disclosed her pneumonia diagnosis, Quantum Health required her to undergo further testing, denied her request for leave, and required her to return to work. (*Id.*, ¶¶ 21, 32, 36–37.) The only reasonable inference from these facts is that Defendants did not perceive Ms. Kaback as having a disability, or, at the very least, not one that prevented her from working for more than a few weeks. Without factual allegations that would give rise to a reasonable inference that Defendants perceived her illness as more than a "transitory and minor" impairment, Ms. Kaback's regard-as disabled claim falls short.

Defendants' Motion is **GRANTED** as to Counts I and II.

### 2. FMLA Claims (Counts III and VI)

Ms. Kaback asserts two FMLA claims – an interference claim (Count III) and a retaliation claim (Count IV).

Under the FMLA, qualifying employees are entitled to twelve weeks of unpaid leave each year that may be used in cases of the employee's serious health condition or other qualifying events. 29 U.S.C. § 2612(a)(1). Congress enacted the

FMLA to address, *inter alia,* "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2614(a)(1). The FMLA creates "two theories" of recovery: an interference claim, which applies when an employer denies an employee a statutory entitlement; and a retaliation claim, "where an employer acts against an employee because he invoked his FMLA rights." *Paris v. MacAllister Mach. Co., Inc.*, 175 F.4th 787, 796 (6th Cir. 2026).

Under an interference theory, the plaintiff must show that (1) she is an eligible employee; (2) the defendant is an employer within the meaning of the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take leave; and (5) the employer denied the employee benefits to which she was entitled under the FMLA. *Id*. Under a retaliation theory, the plaintiff must show that (1) she was engaged in a protected activity; (2) her employer knew she engaged in that protected activity; (3) her employer took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Id*. at 797 (citation omitted).

Defendants argue that both theories of Plaintiff's FMLA claims must be dismissed because their exhibits and proposed Answer reveal the futility of those claims. Regarding her interference claim, they point to emails showing that

Quantum Health denied her FMLA request because she failed to support it with necessary paperwork, so they argue that she was not denied any FMLA benefits to which she was entitled. (Mot., PAGEID ## 104–05.) And her retaliation claim fails, they argue, because Quantum Health terminated her for failing to return to work after it denied her request, not because she engaged in an FMLA-protected activity. (*Id.*)

The problem with Defendants' arguments is that they depend entirely on facts not alleged in the Complaint. Ms. Kaback does not allege that she did not submit supporting paperwork or that Quantum Health denied her FMLA request after she failed to do so. Nor does she allege that her termination was the result of her failure to substantiate her need for leave or her subsequent failure to return to work. Defendants argue that the omission of these facts "prove[s] the point," further buttressed by their supporting exhibits and proposed Answer. (Mot., PAGEID # 104.) In essence, Defendants ask the Court to draw negative inferences from the omission of certain facts from the Complaint and accept the truth of their supplemental facts. At the pleading stage, the Court cannot simply credit Defendants' obvious alternative explanation for its alleged conduct. They do not argue that the Complaint fails to plausibly allege claims under the FMLA, only that Ms. Kaback cannot ultimately prove those claims.

Defendant's motion as to these claims is **DENIED**.

### 3. Unlawful Aiding and Abetting (Count V)

Count V asserts a claim for unlawful aiding, abetting and inciting discrimination against Mmes. Fesler and Ahmed and Mr. Parris under Ohio Rev. Code § 4112.02(J). Because the success of an aiding-and-abetting claim depends on the success of the underlying discrimination claim, Defendants argue this claim must be dismissed with her disability discrimination claim. (Reply, PAGEID # 155.) Ms. Kaback argues this claim should not be dismissed because Defendants failed to address it in their initial Motion. (Resp., PAGEID # 140 n. 1.)

Arguments raised for the first time in reply to responses are generally deemed forfeited. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citations omitted). One reason for this rule is that "parties typically are not permitted to respond to reply briefs, and it is unfair to allow the moving party to make a new argument in the reply brief that cannot be opposed." *Jamie S. v. Comm'n of Social Sec.*, No. 3:24-cv-293, 2026 WL 734465, at *8 (S.D. Ohio Mar. 16, 2026) (citing *Scottsdale Ins. Co.*, 513 F.3d at 546) (Gentry, M.J.). Courts have applied this general principle to find that a defendant forfeited an argument raised for the first time in a reply filed in support of a motion to dismiss. *See, e.g., In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004). However, courts have deviated from this practice when "the rule would produce 'a plain miscarriage of justice.'" *Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008) (citation omitted).

In deciding whether a party forfeited an argument by failing to raise it in an initial brief, courts consider (1) whether the issue is a question of law or fact; (2) whether the issue's resolution is clear; (3) whether the failure to consider the issue would result in a miscarriage of justice or denial of substantial justice; and (4) the parties' rights to have an issue considered. *Ryan*, 279 F. App'x at 339 (citing *Scottsdale Ins. Co.*, 513 F.3d at 553).

Applying these factors, the Court will not treat Defendants' argument as to Ms. Kaback's aiding-and-abetting claim as forfeited.

First, whether Ms. Kaback's claim for aiding and abetting can survive dismissal independent of her disability discrimination claim presents a question of law. Second, resolving that legal question is clear. An aiding-and-abetting claim under Ohio Rev. Code § 4112.02(J) is a derivative-liability claim, the success of which depends on a predicate finding of unlawful discrimination. *Chulsky v. Golden Corral Co.*, 583 F. Supp. 3d 1059, 1087 (S.D. Ohio 2022) (Cole, J.). Consequently, a plaintiff cannot maintain an aiding-and-abetting claim if the underlying discrimination claim on which it is premised has been dismissed. *See Gaston v. Cuyahoga Cmty. Coll.*, No. 1:22-cv-2303, 2025 WL 835073, at *8 (N.D. Ohio Mar. 17, 2025) (collecting cases). Here, Ms. Kaback's aiding-and-abetting claim relates to her disability discrimination claim, which does not survive Defendants' Motion; thus, it is appropriate to dismiss her aiding-and-abetting claim. Third, continuing to subject individual defendants to litigating non-viable claims does not serve substantial

justice. Finally, the lack of opportunity to respond to a pure question of law with a clear outcome does not prejudice Ms. Kaback.

Thus, the Court will not treat Defendants' argument in support of dismissing her aiding-and-abetting claim as forfeited. Because Ms. Kaback fails to allege an underlying disability discrimination claim, she also fails to assert a claim of aiding and abetting disability discrimination under Ohio Rev. Code § 4112.02(J).

Defendants' Motion is **GRANTED** as to Count V.

## III. MOTION FOR REPLY

Federal Rule of Civil Procedure 7 identifies the permissible pleadings in civil litigation. One such pleading is a reply to an answer, but only if the court orders one. Fed. R. Civ. P. 7(a)(7).

Courts have endorsed applying Rule 7(a)(7) in cases where, for example, the plaintiff must prove the defendant's improper motive to overcome an affirmative defense of qualified immunity, *see Goad v. Mitchell*, 297 F.3d 497, 504–05 (6th Cir. 2002), or where the defendant's answer makes clear that the plaintiff's claim is barred by a statutory exception, *see Cunningham v. Cornell Univ.*, 604 U.S. 693, 708 (2025). However, the Supreme Court has made clear that district courts should generally not require plaintiffs to produce additional, nonconclusory factual allegations in response to affirmative defenses and averments filed in an answer:

> By design, [the] system of pleading makes it relatively easy for plaintiffs to subject defendants to discovery—even for claims that are likely to fail. To protect defendants from this burden, lower federal courts have sometimes tried to require more information for certain kinds of claims: 42 U.S.C. § 1983 actions against municipalities; employment discrimination suits; and prisoner suits. We have consistently rejected such efforts. … Rule 8(a)(2) requires "only" a

> "'short and plaint statement of the claim.'" Unless the Federal Rules single out a claim for special treatment, Rule 8 sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims.

*Berk v. Choy*, 607 U.S. 187, 194 (2026) (internal citations omitted).

Defendants ask the Court to order Ms. Kaback to reply to certain paragraphs in their proposed Answer relating to her FMLA claims. They argue that, if Ms. Kaback's "artful pleading" of these claims is enough for them to survive dismissal, any good-faith reply to their Answer will require her to admit to dispositive facts omitted from the Complaint and expose her FMLA claims as meritless.[1] (Mot., PAGEID # 106; Reply, PAGEID # 156.) Maybe so, but courts do not require a complete story at the pleading stage, only a plausible one. *Hodges*, 139 F.4th at 506. Rather, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Defendants offer no compelling reason to require Ms. Kaback to provide more information than is required under Rule 8.

The Court **DENIES** Defendants' request to order Ms. Kaback to reply to their forthcoming Answer.

[1] To the extent Ms. Kaback's FMLA claims are truly meritless and she has no good-faith basis for asserting them, Defendants are not without recourse. Federal Rule of Civil Procedure 11 provides a mechanism to notify an opposing party that a pleading's factual contentions have no evidentiary support and allow the opposing party the reasonable opportunity to correct or withdraw the pleading. The Court takes no position on whether invoking Rule 11 is warranted here, but it reminds the parties of their obligations under the Federal Rules and the available avenues for conserving the parties' and the Court's resources.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED in part** and **DENIED in part**. Ms. Kaback's claims under the FMLA (Counts III and IV) survive the Motion and will proceed to discovery. Her claims under the ADA and Ohio law (Counts I, II, and V) are hereby dismissed. Defendants' alternative request to order a reply under Rule 7(a)(7) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**